IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-10,800-08 & -09






EX PARTE ROBERT DELGADO, Applicant








ON APPLICATIONS FOR WRITS HABEAS CORPUS


CAUSE NOS. CR97-011 & CR97-012


IN THE 207TH JUDICIAL DISTRICT COURT

FROM COMAL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial courts transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated robbery and sentenced to life on both counts. The Third Court of Appeals affirmed
his convictions. Delgado v. State, 986 S.W.2d 306, 307 (Tex. App.- Austin 1999, no pet.)

 In a single ground, Applicant contends that he is actually innocent. Applicant has alleged
facts that, if true, might entitle him to relief. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App.
1996). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
Applicant has provided an affidavit from Michael Munguia confessing to these crimes. If Mr.
Munguia is available to testify, the trial court shall hold a live evidentiary hearing to obtain his
testimony. The trial court may also call any other witnesses it feel necessary to determine the
veracity of Applicant's claim.

 It appears that Applicant is represented by counsel. The trial court shall determine whether
Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial courts shall make findings of fact and conclusions of law as to whether:(1) the
alleged perpetrator is credible; and, (2) Applicant has established by clear and convincing evidence
that no reasonable juror would have convicted him in light of the new evidence. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial courts have resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial courts' supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: December 18, 2013

Do not publish